FILED
2009 Nov-24  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**FILED**

NOV 2 4 2009

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

United States District Court
Northern District of Alabama

Antoine Bruce,
        Plaintiff,

V.

Constance Reese,
Becky Clay,
J. Savidge,
R. E. Holt,
(FNU) Farris,
A. Bailey,
P. Jones,
C. Carpenter,
Rufus Williams,
W. Davis,
W. Fals,
        Defendants,

Case No.          CV-09-HS-2378-E

**COMPLAINT**

A.   Parties

1. Plaintiff Antoine Bruce (Reg. No. 35363-007), is a federal prisoner confined to FCI Talladega, PMB 1000, Talladega, AL, 35160.

1

2. Defendant Constance Reese is Warden of FCI Talladega.

3. Defendant Becky Clay is Associate Warden of FCI Talladega.

4. Defendant J. Savidge is Associate Warden of FCI Talladega.

5. Defendant R. E. Holt is South East Regional Director.

6. Defendant (First Name Unknown) is Asst. Correctional Services
   Administrator.

7. Defendant A. Bailey is SMU Unit Manager at FCI Talladega.

8. Defendant P. Jones is Correctional Counselor at FCI Talladega.

9. Defendant C. Carpenter is a Senior Officer at FCI Talladega.

10. Defendant Rufus Williams is Correctional Services Administrator.

11. Defendant W. Davis is a SMU Lieutenant at FCI Talladega.

12. Defendant W. Fals is a SMU Lieutenant at FCI Talladega.

13. FCI Talladega is located at 565 E. Renfroe Road,
    Talladega, AL, 35160.

14. Defendants Holt, Farris, Williams are employed at 3800 Camp Creek Parkway S.W., Bldg. 2000, Atlanta, GA, 30331.

## B. Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## C. Cause of Action

I. CLAIM ONE: Violation of First Amendment to United States Constitutions

a. Supporting Facts:

1. Plaintiff is confined to the Special Management Unit ("SMU") at FCI Talladega and has been since July 2009.

2. Beginning in August 2009 Plaintiff requested numerous times that defendant Jones provide Plaintiff Administrative Remedy forms.

3. Defendant Jones inquired why Plaintiff needed Administrative Remedy forms and Plaintiff informed her he would be filing complaints against her and other staff concerning uses of excessive force, restraints, denial of medical care and other abuses.

4. Defendant Jones became angry and refused to provide the Plaintiff any forms and angrily stated since he "wanted forms to file on staff" she would not provide Plaintiff any.

5. Plaintiff requested forms on over 20 occasions between August 2009 and November 2009 from Defendant Jones, and on every occasion she refused.

6. Plaintiff submitted requests to defendants Bailey and Reese to obtain forms but received no response.

7. On multiple occasions Plaintiff obtained and completed forms through other inmates but defendants Jones, Bailey and Reese refused to accept them.

II. CLAIM TWO : Violation of Fifth Amendment to United States Constitution;

a. Supporting Facts:

1. Plaintiff is confined to the SMU at FCI Talladega.

2. On at least 4 occasions Defendant Reese put Plaintiff on a "Sack lunch" for punitive reasons.

3. "Sack lunch" at FCI Talladega consists of 2 slices of wheat bread, 2 slices of cheese, 1 apple, 1 1/2 pint low-fat milk and is served twice daily for 7 days at a time.

4

4. The "sack lunch" diet is nutritionally inadequate and can cause severe hunger, weight loss.

5. The "sack lunch" diet can be imposed without notice, hearing or opportunity to appeal such decision.

6. Plaintiff was fed "sack lunch" on multiple occasions by defendants Fals, Davis and Carpenter who refused to give Plaintiff a copy of the notice placing him on "sack lunch".

III. CLAIM THREE: Violation of Eighth Amendment to United States Constitution:

a. Supporting Facts:

1. Plaintiff while confined to SMU at FCI Talladega was placed into a cell where defendant Williams acting in concert with defendant Reese utilized a calculated use of force team to put Plaintiff into restraints.

2. Plaintiff remained in ambulatory or 4-point restraints continuously for 13 days.

3. While in restraints defendant Clay disabled Plaintiff's toilet by removing the flush mechanism from the cell.

4. Defendant Carpenter and other individuals refused to flush Plaintiff's toilet for 13 days.

5. As a result of defendant Carpenter's actions urine and feces accumulated and overflowed from Plaintiff's toilet.

6. After 3 days without being removed from restraints the defendant Clay came to speak to Plaintiff at his cell stating he would be left in restraints until he "learned a lesson."

7. Plaintiff protested the use of restraints by smearing feces upon his cell window.

8. Following smearing feces upon his window defendants Reese, Fails, Davis, Williams at various times left Plaintiff for 10 days with feces on his cell window and upon the floor where it had overflowed Plaintiff's toilet.

9. Defendants Williams and Reese refused to permit Plaintiff to bathe himself, brush his teeth or use deodorant for the entire 10 day period.

10. Defendant Reese, and Savidge instructed staff to not check Plaintiff's restraints or to provide medical care by health services personnel.

11. Plaintiff became sick, suffered bruises, swelling of his appendages, abrasions to his wrists and ankles from his long duration in restraints, was in severe pain.

12. Defendant Holt was notified daily of Plaintiff being in restraints but took no action to remove him from them.

13. Defendant Williams deprived Plaintiff of a blanket or Mattress 22 hours per day for all 13 days while in restraints forcing Plaintiff to lie upon a cold metal bed frame.

14. Following removal from restraints Defendant Carpenter observed Plaintiff obtaining an Administrative Remedy form from another inmate using a string and tube of toothpaste.

15. Defendant Carpenter approached Plaintiff's cell and demanded Plaintiff give him the form, the Plaintiff complied and as he handed the paper to the defendant the defendant forced the feeding slot closed upon Plaintiff's finger causing it to bleed and swell up.

16. Defendant Davis later observed the injury to Plaintiff's finger but refused to summon medical assistance.

17. Plaintiff advised defendant Farris of the refusal to provide medical attention and was told to "Shut up" and was not fed for 2 days upon her direction.

## D. Requested Relief

1. Compensatory Damages of $10,000.00

2. Punitive Damages of $240,000.00

3. Injunctive Relief enjoining defendants and those acting in concert with them from:

  a) acting adversely toward inmates who file Administrative Remedy Request or Appeals

  b) placing inmate into restraints in excess of 4 hours absent compelling need to continue such placement;

  c) confiscating or witholding legal research materials, pens, paper, postage, envelopes or other materials necessary to prepare or conduct litigation;

  d) denying access to qualified medical professionals in the event of injury or serious medical needs

  e) confiscating or witholding mattress, linens or bedding absent compelling need to do so following notice, hearing and meaningful opportunity to appeal.

It is So Prayed.

Antoine Bruce

Antoine Bruce # 35363-007
FCI Talladega
PMB 1000
Talladega, AL, 35160
Plaintiff

## Declaration

I declare under penalty of perjury the aforegoing is true and correct pursuant to 28 U.S.C. 1746.

Executed this 19th day of November 2009.

_Antoine Bruce_
Antoine Bruce