# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ANTOINE BRUCE, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) Case No. 1:09-CV-2378-VEH-HGD |
| | ) |
| CONSTANCE REESE, et al., | ) |
| | ) |
| **Defendants** | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the plaintiff's *pro se* motion for preliminary injunction. (Doc. #23). This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The plaintiff, an inmate in the Special Management Unit at the Federal Correction Institution in Talladega, Alabama, seeks an order enjoining the defendants from (1) "using force, chemical agents, or non-lethal munitions to coerce inmates into a cell with another inmate if there is reason to believe either inmate will be assaulted by the other," and (2) "using ambulatory restraints and/or 4-point restraints for more than 4 hours as punishment, [or] for any other reason than to protect such an inmate from harming himself [or] another person, or to prevent escape." *Id*.

"Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983); *quoting Texas v. Seatrain International*, 518 F.2d 175, 179 (5th Cir. 1975). Not only must the plaintiff prove that a constitutional violation exists, he must also show that he faces a "substantial threat" of irreparable injury if equitable relief is not granted. *Gould v. Control Laser Corp.*, 650 F.2d 617 (5th Cir. 1981). The plaintiff has not met this burden. Although he alleges that the Special Management Unit is "an extremely dangerous and violent place," the plaintiff has not shown that he faces immediate and irreparable injury if the injunction is not granted.[1] It is pure conjecture to assume that the plaintiff will be subjected to the actions described above and, in that sense, the threat to him is not "real and immediate." *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001). More importantly, even if the plaintiff were to be subjected

---

[1] In fact, it appears that the plaintiff himself has been responsible for much of the disruptive behavior in the unit. In ruling on a previous motion filed by the plaintiff in this cause, the court noted that the plaintiff had not only failed to show that he is in imminent danger, but that many of the events of which he complained appeared to be exaggerated or the result of his own choices and actions. (Doc. #14). In that opinion, the court noted that the plaintiff had been a disruptive force in the Special Management Unit since his arrival there, including "several incident reports for engaging in sexual acts, possession of a locking device, setting fires, destruction of a life safety device, assault, and disruptive conduct." *Id*. at 4. Upon his arrival at Talladega, the plaintiff was discovered with two razor blades and a homemade handcuff key hidden in his rectum. (Doc. #10-1, p. 4).

to forced double-celling or to ambulatory restraints, the court is not convinced that those actions in and of themselves would necessarily result in irreparable injury.[2] Accordingly, the plaintiff's motion for preliminary injunction (Doc. #23) is due to be and hereby is **DENIED**.

The Clerk is **DIRECTED** to serve a copy of this order upon the plaintiff and upon counsel for the defendants.

**DONE** and **ORDERED** this the 7th day of October, 2010.

                                                                  /s/ VEHopkins
                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge

---

[2] The plaintiff contends that where an alleged constitutional right is involved, no further showing of irreparable injury is necessary. (Doc. #23, p. 3). However, that is not the law in the Eleventh Circuit. *See Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000).